**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT EARL JACKSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ANITA TRAMMELL, Warden,[1] )<br>)<br>Respondent. ) | Case No. 13-CV-198-JHP-FHM |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 10). In the supporting brief (Dkt. # 11), filed contemporaneously with the motion to dismiss, Respondent also asserts that the petition should be dismissed because Petitioner is not "in custody" pursuant to the challenged judgment of conviction. Id. Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 16) to the motion to dismiss, along with a supporting brief (Dkt. # 17), and a supporting memorandum (Dkt. # 18). On December 31, 2013, Petitioner filed a document titled "petition for writ of mandamus" (Dkt. # 23), providing additional supporting arguments for his habeas claims.

As discussed below, the Court lacks jurisdiction to consider Petitioner's claims. For that reason, Respondent's motion to dismiss shall be granted. Any claim directly challenging the conviction entered in Tulsa County District Court, Case No. CF-1995-4408, is dismissed without prejudice for lack of subject matter jurisdiction based on Petitioner's failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). To the extent Petitioner claims his current sentences,

---

[1] Anita Trammell is the current warden of Oklahoma State Penitentiary where Petitioner is in custody. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases, and Rule 25(d)(1), Federal Rules of Civil Procedure, Anita Trammell is hereby substituted as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

entered in Tulsa County District Court, Case No. CF-2000-1569, were improperly enhanced with the allegedly invalid conviction entered in Case No. CF-1995-4408, his petition is a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals and is dismissed without prejudice for lack of jurisdiction. The "petition for writ of mandamus" is declared moot.

## *BACKGROUND*

In his petition (Dkt. # 1), Petitioner lodges a direct challenge to the validity of his conviction entered in Tulsa County District Court, Case No. CF-1995-4408. In that case, Petitioner entered a plea of nolo contendere to Possession of a Controlled Drug (Cocaine), on March 19, 1996. See Dkt. # 11-1 at 5. The trial judge sentenced Petitioner to two (2) years imprisonment. Id. Petitioner filed a motion to withdraw his nolo contendere plea. On April 19, 1996, the trial judge denied the motion at the conclusion of a hearing. Id. at 7. Petitioner perfected a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed November 1, 1996, in Case No. C-96-512, the OCCA denied the petition for certiorari. See Dkt. # 11-2. Petitioner did not seek certiorari review at the United States Supreme Court.

On May 4, 2001, Petitioner filed the first of at least six (6) applications for post-conviction relief. See Dkt. # 11-1 at 10. On May 24, 2001, the state district judge denied the application. Id. On July 16, 2001, Petitioner's attempted appeal was dismissed by the OCCA. See www.oscn.net.

Petitioner states that he raised the claims contained in his habeas petition to the state courts by filing an application for post-conviction relief. The record reflects that, on April 30, 2012, Petitioner filed a sixth application for post-conviction relief. See Dkt. # 11-1 at 16. As alleged by Petitioner, that application was denied on August 3, 2012. Id. at 18. Petitioner appealed. By order

filed December 6, 2012, in Case No. PC-2012-774, the OCCA affirmed the denial of relief. See www.oscn.net.

In his federal petition for writ of habeas corpus (Dkt. # 1), filed April 4, 2013, Petitioner states that he is challenging the judgment of conviction entered in Tulsa County District Court, Case No. CF-1995-4408. He raises four (4) grounds of error. Although Petitioner's handwriting is, at times, difficult to discern, he appears to claim the following:

> Ground 1: Petitioner presented a claim of actual and factual innocence as he was convicted and sentenced in violation of fundamental fairness and due process after facts uncovered reveal police officer committed perjury.
> After Tulsa World newspaper revealed a scandal within Tulsa Police Dept. that established a profile that could be spot on to fit the corruption, especially Officer T. J. Yates. Petitioner challenges a conviction that relied upon misinformation. The conviction resulted from police false swearing by oath in an affidavit stating AF-2399 lab report was positive for cocaine. The affidavit itself was sole evidence relied upon as probable cause for false charges and used during proceedings. A false document submitted to cover the theft of $139.00 lab report AF-2399 only proved presence of alcohol and not cocaine. No evidence of cocaine. The factual and legal bases of this claim of police corruption was unavailable until Tulsa World released news of scandal. Upon receiving proof, Petitioner filed for relief and as of March 25, 2013, writ of certiorari was dismissed.

> Ground 2: Prosecutorial misconduct due to failure to correct perjured testimony and failure to disclose evidence favorable to the accused.
> During these proceedings, a motion to produce was filed. However, the prosecutor failed in its obligation to turn over any exculpatory evidence. It was clear from the record that there never was a lab report that proved Petitioner was in possession of unlawful drug -- cocaine. This information was available to prosecutor, hence the prosecutor was aware the officer committed perjury by false swearing in an affidavit. It is likely this evidence may have been suppressed. As a result of Official interference, Petitioner never had notice affidavit was based on lies.

> Ground 3: Fundamental miscarriage of justice exception applies because Petitioner was actually and factually innocent.
> In his Ground One, Petitioner stated facts that show that his conviction is invalid as a matter of law. Upon information and belief that prosecution was well aware that there was no lab report to support the officer's affidavit.

>           Without proof of cocaine there was no proof Petitioner committed cocaine alleged. Petitioner provided proof of a false statement made by police and newly discovered evidence to make exception 22 § 1086.
>
> Ground 4:    Newly discovered evidence and sufficient reason under 22 O.S. § 1086 due to misinformation conviction was void at its inception.
>           In his Ground One, presented newly discovered evidence that was previously unavailable. Based on the unavailability of the factual and legal basis of claim of police corruption that was established by outbreak of police scandal as reported by Tulsa World. Because conviction based on deliberate falsehood is void ab initio the issue was not knowing and voluntary waived. The plea was not knowing and voluntary. Without the Tulsa World story there was no factual or legal bases of a scandal. Sufficient reason was asserted to meet 22 § 1086 and good cause prejudice.

See Dkt. # 1.

## *ANALYSIS*

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); accord Maleng v. Cook, 490 U.S. 488, 490-91 (1989). As a result, federal courts normally lack jurisdiction over petitions challenging a conviction with a completely expired sentence. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; see also Lackawanna Cnty Dist. Att'y v. Coss, 532 U.S. 394, 401 (2001). The mere fact that a petitioner's prior conviction was used to enhance his current sentence does not render him "in custody" with respect to that conviction. See Maleng, 490 U.S. at 492. Thus, the Court lacks jurisdiction to consider an attack on the prior, expired conviction because the petitioner is no longer in custody for it.[2]

---

[2]In Lackawanna, the Court concluded that consideration of a challenge to the enhanced sentence of a subsequent conviction was limited to cases where the prior conviction suffered from

4

In this case, Petitioner directly challenges the validity of his conviction entered in Case No. CF-1995-4408. According to records maintained by the Oklahoma Department of Corrections, Petitioner discharged his two year sentence entered in that case on March 31, 1998. See Dkt. # 11-3. As a result, the Court lacks subject matter jurisdiction to consider his claims directly challenging his conviction in Case No. CF-1995-4408.

The Court recognizes that, in very limited circumstances, the "in custody" requirement may be satisfied where a petitioner challenges a "conviction [that] was used to enhance the sentence he is now serving." Anderson-Bey v. Zavaras, 641 F.3d 445, 453 (10th Cir. 2011) (citing Lackawanna, 532 U.S. at 401). In response to the motion to dismiss, Petitioner provides several exhibits, see Dkt. # 17, including Judgments and Sentences entered in Tulsa County District Court, Case No. CF-2000-1569, reflecting that his sentences in that case were enhanced with his conviction entered in Case No. CF-1995-4408. See id. at 18-23. However, Petitioner has not framed his habeas petition as an attack on his current sentence, on the ground that it was improperly enhanced by his allegedly invalid 1995 conviction. See Neiberger v. Rudek, 450 F. App'x 719, 725-26 (10th Cir. Dec. 6, 2011) (unpublished).[3]

Nonetheless, even if the petition in this case could be liberally construed as a challenge to Petitioner's sentences entered in Case No. CF-2000-1569, the petition must be dismissed. As noted by Respondent, Petitioner already has filed an unsuccessful petition challenging his convictions entered in Case No. CF-2000-1569. See Dkt. # 11-4 (attached Opinion and Order, entered in N.D.

---

such radical constitutional defects as the denial of trial counsel under Gideon v. Wainwright, 372 U.S. 335 (1963). See Lackawanna, 532 U.S. at 404. Petitioner does not allege and the record does not reflect that he was denied counsel in Case No. CF-1995-4408.

[3]This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

5

Okla. Case No. 04-CV-195-CVE-FHM). Thus, to the extent the instant habeas petition could be construed as a challenge to the validity of Petitioner's current sentences, entered in Case No. CF-2000-1569, it is a second or successive petition. Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005). In Gonzalez, the Court stated as follows:

> The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Id. Because this Court has previously considered and denied Petitioner's request for habeas corpus relief as to his convictions and sentences entered in Case No. CF-2000-1569, Petitioner was required to obtain authorization from the Tenth Circuit Court of Appeals before filing a second or successive habeas petition. Because Petitioner did not receive authorization from the Tenth Circuit before filing his petition, he has failed to comply with the requirements of 28 U.S.C. § 2244(b)(3) and the Court lacks jurisdiction to consider his claims. See Burton v. Stewart, 549 U.S. 147, 153 (2007).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether

the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon examination of the petition and the record filed in this case, the Court finds that it would be a waste of judicial resources to transfer the petition for authorization. The Court recognizes that a petitioner may obtain review of a prior conviction used to enhance a current sentence if he has obtained "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." See Lackawanna, 532 U.S. at 405 (describing other circumstances in which a petitioner cannot be faulted for failing to obtain timely review of a constitutional claim concerning a prior conviction). In this case, Petitioner believes he has uncovered "new evidence" demonstrating his actual innocence in Case No. CF-1995-4088.[4] However, the Court finds Petitioner's argument that he has uncovered "new evidence" demonstrating the unconstitutionality of his conviction in Case No. CF-1995-4408 to be

---

[4]Petitioner claims that he discovered "new evidence" of the unconstitutionality of his conviction, entered in Case No. CF-1995-4408, when, in 2011, he read a summary of the "Tulsa Police Corruption Investigation," prepared by a local attorney, Kevin D. Adams. See Dkt. # 17 at 25, 26-31. As noted by Adams, the Tulsa World newspaper reported, no later than July 2010, that an investigation into corruption within the Tulsa Police Department was underway. According to Petitioner, the "new evidence" of the investigation into police corruption supports his claim that Tulsa Police Officer T. J. Yates prepared a false affidavit resulting in his arrest and conviction entered in Case No. CF-1995-4408. See Dkt. # 1.

7

meritless. With the exception of the police corruption information, the "new evidence" provided by Petitioner, including the affidavit for arrest warrant, the forensic laboratory report, and the arrest and booking data, see Dkt. # 17 at 13-17, was available when he entered his plea of nolo contendere on March 19, 1996. It does not qualify as "new evidence." As to the "new evidence" of police corruption, the Court notes that Petitioner's arrest and conviction in Case No. CF-1995-4408 predated the events giving rise to the corruption investigation in the Tulsa Police Department by almost ten (10) years. In addition, Petitioner offers no evidence suggesting that Officer T. J. Yates had any involvement in the police corruption investigation or that the reported "scandal" had anything to do with his 1995 case. For those reasons, the Court finds that Plaintiff's claims are not meritorious and it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, to the extent Petitioner claims that his sentences in Case No. CF-2000-1569 were improperly enhanced with a conviction of which he is actually innocent, the claim is dismissed without prejudice for lack of jurisdiction. In re Cline, 531 F.3d at 1252; 28 U.S.C. § 2244(b).

## *CONCLUSION*

The Court lacks subject matter jurisdiction to consider Petitioner's direct challenge to the validity of his conviction entered in Tulsa County District Court, Case No. CF-1995-4408, because he is not "in custody" pursuant to that conviction. To the extent Petitioner challenges the enhancement of his sentences entered in Tulsa County District Court, Case No. CF-2000-1569, the Court lacks jurisdiction to consider the second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. Respondent's motion to dismiss petition for habeas corpus for lack of jurisdiction is granted.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural rulings resulting in the dismissal of this action based on lack of subject matter jurisdiction are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note on the record the **substitution** of Anita Trammell, Warden, in place of Randy Workman, Warden, as party respondent.

2. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 10) is **granted**.

3. To the extent Petitioner directly challenges the validity of his conviction entered in Tulsa County District Court, Case No. CF-1995-4408, the petition (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.

4. To the extent Petitioner challenges the validity of his enhanced sentences entered in Tulsa County District Court, Case No. CF-2000-1569, the petition (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

5. Petitioner's "petition for writ of mandamus" (Dkt. # 23) is **declared moot**.

6. A separate Judgment shall be entered in this case.

7. A certificate of appealability is **denied**.

DATED THIS 21st day of February, 2014.

James H. Payne
United States District Judge
Northern District of Oklahoma

10